UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-10779-RGS

LESLIE MERCADO

v.

TARA E. DECRISTOFARO, TERRI CAFAZZO, SCOTT ANGELO and
MIDDLESEX FAMILY AND PROBATE COURT

MEMORANDUM AND ORDER

July 28, 2025

STEARNS, D.J.

For the reasons stated below, the court will allow the motion for leave to proceed *in forma pauperis*, and deny the motions to preserve evidence and to correct records.  If Mercado wishes to proceed with this action, the court grants her 28 days from the date of this Memorandum and Order to file an amended complaint that states a plausible claim upon which relief may be granted.

BACKGROUND

Plaintiff Leslie Mercado, proceeding *pro se*, filed a complaint against the Middlesex Family and Probate Court, a judge,  probation officer, and register.   She also filed motions for leave to proceed *in forma pauperis*, to preserve state court evidence and to correct incomplete or altered state court records.

Plaintiff states that she brings this action against defendant "court officials and staff for violating her constitutional rights, obstructing justice, tampering with court records, and interfering with ongoing investigations." Doc. No. 1 at 6 (introduction). Plaintiff alleges that she "has been involved in legal proceedings, where she reported abuse, fraud and systemic misconduct." *Id.* at 7. She contends that after filing these reports, "court records began disappearing, being altered, or sealed without proper notice or cause." *Id.* She further alleges that her "motions were denied without reason or with altered explanations" and that "[c]lerks and/or judges acted outside of their authority [by] engaging in retaliation, fraud and interference." *Id.* She contends that her "evidence was tampered with or blocked from entry." *Id.*

For relief, plaintiff seeks "[d]eclaratory judgment that her rights were violated," "[i]njunctive relief preserving and releasing all records," and monetary damages. *Id.*

MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Mercado submitted an application to proceed in district court without prepaying fees or costs (also referred to as a motion or application to proceed *in forma pauperis*). Based upon Mercado's financial disclosures, she will be permitted to proceed *in forma pauperis*.

REVIEW OF THE COMPLAINT

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). This court also has an independent obligation to *sua sponte* inquire into its own subject matter jurisdiction, *see McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Rule 8(d)(1) of the Federal Rules of Civil Procedure provides that allegations in the complaint "must be simple, concise, and direct." Fed. R.

Civ. P. 8(d)(1).  In assessing the sufficiency of the complaint, "an inquiring court must first separate wheat from chaff; that is, the court must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Guadalupe-Baez v. Pesquera*, 819 F.3d 509, 514 (1st Cir. 2016) (citing *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). The court must then determine "whether the well-pleaded facts, taken in their entirety, permit 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (citations omitted).    A plaintiff's complaint need not provide an exhaustive factual account, only a short and plain statement. Fed. R. Civ. P. 8(a). However, the allegations must be sufficient to identify the manner by which the defendant subjected the plaintiff to harm and the harm alleged must be one for which the law affords a remedy. *Iqbal*, 556 U.S. at 678.

In conducting its review, the court must liberally construe the complaint because plaintiff is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## DISCUSSION

Here, even with a generous reading of the complaint, it fails to state a claim upon which relief may be granted and seeks monetary relief from defendants that are immune from such relief.  Speaking broadly, 42 U.S.C. §

1983[1] provides a remedy for the violation of a federal right by a person acting under the color of state law, but its application is not without limitations.

First, the complaint fails to meet the pleading requirements of Rule 8. The complaint fails to provide factual detail, however, as to these events, leaving unanswered what rights have allegedly been infringed, how and when they were infringed, and who infringed them. The limited factual allegations are not pleaded in a manner such that defendants can reasonably respond because the allegations are conclusory and mostly asserted collectively against the defendants. In addition, many portions of the complaint fail to allege which particular claim is asserted against which particular defendant and why. "[A]ny adequate response [is] impractical, if not impossible." *Losano v. Evans*, No. 22-12122-JGD, 345 F.R.D. 8, 11 (D. Mass. 2023). Dismissal for failing to comply with Rule 8 is an appropriate remedy if the "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Sayied v. White*, 89 Fed. Appx. 284, at *284 (1st Cir. 2004) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

---

[1] "42 U.S.C. § 1983 ... furnishes a cause of action against any person who, while acting under color of state law, transgresses someone else's constitutional rights." *Alfano v. Lynch*, 847 F.3d 71, 74 n.1 (1st Cir. 2017) (citing *Kalina v. Fletcher*, 522 U.S. 118, 123 (1997)).

Second, to the extent Mercado names the Middlesex Family and Probate Court as a defendant, the court is not an entity that can be sued under Section 1983. It is well-established that a state is not amenable to suit under 42 U.S.C. § 1983 because a state is not a "person" within the meaning of that statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Because the Middlesex County Probate and Family Court is an arm of the State, it is immune from federal suit under the Eleventh Amendment to the United States Constitution. *Id.* at 66.

Third, to the extent Mercado is seeking to proceed against Judge Cafazzo for claims arising out of her judicial rulings, any claims for monetary damages are barred by the doctrine of absolute judicial immunity. *See Zenon v. Guzman*, 924 F.3d 611, 616 (1st Cir. 2019). "The breadth of the protection is fulsome, shielding judges even when their actions are malicious, corrupt, mistaken, or taken in bad faith; its purpose not to buffer bad judges but 'for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'" *Id.* (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Accordingly, "when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." Id. There are no facts alleged in the Complaint suggesting that Judge Cafazzo acted outside "traditional adjudicatory functions." *Id.* To the extent Mercado disagreed

6

with orders entered by Judge Cafazzo, her option was to appeal the court's rulings in state court; she cannot sue the state court judge in federal court for damages. Similarly injunctive relief against Judge Cafazzo is also unavailable. "Section 1983 explicitly provides that, 'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable'" in the underlying action. *Alexandre v. Prince*, Civ. Action No. 22-11340-ADB, 2022 WL 3597409 (D. Mass. Aug. 23, 2022).

Fourth, to the extent Mercado seeks to bring claims against the Register of the Probate and Family Court for Middlesex county and a probation officer, the court observes that employees of a court as well as officials assigned to carry out a judge's orders, have quasi-absolute judicial immunity when they perform tasks that are an integral part of the judicial process.

Fifth, to the extent Mercado challenges state court proceedings, the *Rooker-Feldman* doctrine and *Younger* abstention doctrine bar such claims.[2]  Under the *Rooker-Feldman* doctrine, a federal district court lacks

---

[2] The *Younger* abstention doctrine arises from *Younger v. Harris*, 401 U.S. 37 (1971) and bars the exercise of federal jurisdiction if it "would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal

jurisdiction over a final judgment of a state court.[3]  *See Geiger v. Foley Hoag LLP Retirement Plan*, 521 F.3d 60, 65 (1st Cir. 2008).   If state court proceedings are ongoing, this court lacks subject matter jurisdiction under the *Younger* abstention doctrine.  If a final order has been entered in a state court proceeding, this federal court lacks subject matter jurisdiction over such claims under the *Rooker-Feldman* doctrine.

## CONCLUSION

In light of the foregoing, this action will be dismissed in 28 days unless Mercado files an amended complaint, on or before August 25, 2025, which cures the pleading deficiencies and sets forth a plausible claim upon which relief may be granted.  If Mercado files an amended complaint, that amended pleading – a new stand-alone document – must address the above deficiencies and set forth a plausible claim upon which relief may be granted. The amended complaint will replace the original complaint which will no longer be considered an operative pleading. Plaintiff should therefore ensure

---

plaintiff to advance his federal constitutional challenge."  *Rossi v. Gemma*, 489 F.3d 26, 34–35 (1st Cir. 2007).

[3] "Pursuant to the *Rooker–Feldman* doctrine, 'federal district courts lack jurisdiction over "federal complaints . . . [that] essentially invite[ ] federal courts of first instance to review and reverse unfavorable state-court judgments."'" *Anderson v. Sup. Jud. Ct. of Massachusetts*, No. 18-CV-11302-DJC, 2019 WL 1244054, at *4 (D. Mass. Mar. 15, 2019) (citing *Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 20 (1st Cir. 2005)) (alterations in original).

that all of her claims are contained in the amended complaint. The amended complaint must identify all of the parties in the caption. It must set forth the basis for this court's exercise of jurisdiction. It should, in numbered paragraphs, focus on the legal claims against each defendant, along with the basis for such claims. In other words, Mercado should set forth at least minimal facts as to who did what to whom, when, and where. She should not assert claims collectively against the defendants, but rather should separately parcel out the claims against each defendant, or if appropriate, groups of identified defendants. She also should not assert multiple causes of action against a defendant in one count; rather, she should identify separately each cause of action and the grounds therefore. If an amended complaint is filed, it will be further screened. Failure to timely file an amended complaint will result in dismissal of this action.

ORDER

For the foregoing reasons, it is hereby ordered as follows:

1.    The motion for leave to proceed *in forma pauperis* is ALLOWED.

2.    The motions to preserve evidence and to correct incomplete or altered records are DENIED.

3.    If Mercado wishes to proceed in this matter, she must file an amended complaint curing the pleading deficiencies and setting forth a plausible claim upon which relief may be granted. Failure to comply with this directive within twenty-eight (28) days of the date of this Memorandum and Order will result in dismissal of this action.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE